UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK DURBIN,

            Plaintiff,

    v.

INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 52, et al.,

            Defendants.

CASE NO. C06-287JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment from Defendant International Longshore & Warehouse Union, Local 52 ("Local 52") (Dkt. # 8) and a motion for summary judgment[1] from Defendant Pacific Maritime Association ("Pacific") (Dkt. # 9). The court has considered the papers filed in support of and in opposition to the motions and finds the matter appropriate for disposition without oral argument. For the reasons stated below, the court GRANTS both motions.

---

[1] Pacific moves for judgment on the pleadings under Fed. R. Civ. P. 12(c) as well as for summary judgment pursuant to Fed. R. Civ. P. 56. Because the court takes into consideration Pacific's declarations and exhibits attached to its motion, the court treats the submission as a summary judgment motion. The court further notes that there is no question that Pacific's motion put Mr. Durbin on notice that the court would consider materials outside the pleadings.

ORDER – 1

## II.  BACKGROUND

Plaintiff Mark Durbin worked as a clerk in the longshore industry.  A collective bargaining agreement ("CBA"), negotiated between his union, Local 52, and a multi-employer association, Pacific, governed the terms of his employment.  For reasons unknown to the court, Mr. Durbin failed to make himself available for work, which twice resulted in his termination – once in 1992, and again in 2000.

Under his CBA, the decision to terminate (or, "deregister") an employee rests with the Joint Port Labor Relations Committee ("the Committee"), comprised of representatives from Local 52 and Pacific.  After the Committee agreed to deregister Mr. Durbin for the second time on June 27, 2000, Pacific purportedly sent a letter by certified mail, dated July 10, 2000, reflecting the Committee's decision.  Starkey Decl. at 24, 25.  The letter cites Mr. Durbin's "failure to work, respond to correspondence and appear as requested by the Committee" as justification for the deregistration decision.  Id. at 25.  Mr. Durbin contends he never received the letter, although Pacific used the address from Mr. Durbin's own letterhead.  Compare id. at 20, with id. at 25.  He also appears to have ignored a prior letter dated May 4, 2000 warning him of the consequences of failing to appear for work.  Id. at 23.  Mr. Durbin does not contend that he moved during this time period, he simply denies receiving the letters.  Long-term Pacific employee Sandra Starkey attests that she received a return receipt for the July 10, 2000 letter, signed by Mr. Durbin, although she has been unable to locate a copy of the receipt.  Second Starkey Decl. ¶¶ 2-5.  In any event, it is undisputed that as of December 1999, Mr. Durbin went on self-declared "inactive status" and remained out of contact with the longshore industry for several years.

In October 2004, Mr. Durbin attempted to reactivate his status as a union member and longshore clerk.  He alleges that union representative Sean O'Donnell, "strung [him]

ORDER – 2

along" for several months, after which Mr. O'Donnell finally informed him that Local 52 would not assist him with his request. According to Mr. Durbin, his attempt to grieve his claim likewise failed as Local 52 no longer considered him a member of a collective bargaining unit. On January 31, 2006, Mr. Durbin filed suit in state court alleging breach of contract, unfair labor practices, discrimination and wrongful termination. Defendants removed the action to federal court and now move to dismiss all claims.

### III. ANALYSIS

In examining a summary judgment motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. See U.A. Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1995). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

ORDER – 3

A.      **Breach of Contract/Unfair Labor Practice Claim**

Mr. Durbin's unfair labor practice, breach of contract, and wrongful termination claims constitute a "hybrid" section 301 claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[2]  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163-64 (1983). Such claims are subject to a six month statute of limitations. Id. at 170-71 (citing 29 U.S.C. § 160(b)). The six-month limitations period runs from the time that Mr. Durbin knew or reasonably should have known of the facts underlying his claim. See Allen v. United Food & Commercial Workers Int'l Union, 43 F.3d 424, 427 (9th Cir. 1994). Here, Mr. Durbin filed his complaint on January 31, 2006, which preserved any of his claims that accrued on August 1, 2005 or later.

The court concludes that the six-month statute of limitations under 29 U.S.C. § 160(b) bars Mr. Durbin's section 301 claims. Mr. Durbin's claims of contract breach, wrongful termination, and unfair practices stem from the Committee's decision to deregister him on June 27, 2000.[3] The limitations period began to run on his claims on or around July 10, 2000 when Pacific sent him a letter by certified mail to the address Mr. Durbin included on his own letterhead. Cf. Nelmida v. Shelly Eurocars, Inc.,

---

[2]Section 301 reads, in part: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). Because Mr. Durbin's claims for wrongful termination and breach of contract require the court to interpret his CBA, the court considers such claims under section 301. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988).

[3]The court rejects Mr. Durbin's contention that he remained an "employable," registered member of his union notwithstanding the Committee's decision. Mr. Durbin argues that the Committee's termination in June 2000 was not a final decision, because an arbitrator did not confirm the decision. Mr. Durbin's reading of the CBA is incorrect. The CBA provision at issue only applies to circumstances, unlike those here, where the Committee members are in disagreement. Pl.'s First Opp'n at 7 (citing CBA ¶ 17.271); Second Starkey Decl. ¶ 6; id at 8 (citing CBA ¶ 17.27).

ORDER – 4

112 F.3d 380, 384 (9th Cir. 1997) (holding that limitations period for employee to file Title VII claims began running when right-to-sue letter sent to employee's address of record). Accordingly, Mr. Durbin waited five years too long to assert his claims.

The court also rejects Mr. Durbin's request to toll the statute of limitations. Mr. Durbin contends that he received a letter in early January 2006 confirming his deregistered status for the first time. There is no copy of this letter or any other evidence to support Mr. Durbin's version of events, other than his own declaration. Even if the court accepts Mr. Durbin's contention that he did not receive the July 10, 2000 letter conveying the Committee's decision, no reasonable jury could conclude that Mr. Durbin did not know that Local 52 and Pacific considered him deregistered by mid-2000. It is undisputed that by July 2000, Mr. Durbin had already spent six months on self-declared "inactive status"; and that he would spend another four years away from the industry before he attempted any further contact. No reasonable jury could conclude that Mr. Durbin lacked notice of the consequences of failing to make himself available for work when the Committee had already deregistered him for the same conduct in 1992.

Because the court concludes that Mr. Durbin's claims, if any, accrued in July 2000, the six-month statute of limitations bars his section 301 claims. Moreover, no reasonable jury could conclude that Mr. Durbin did not know or could not have known of his deregistered status by mid-2000. Accordingly, the court grants Defendants' motions for summary judgment on Mr. Durbin's claims for breach of contract, wrongful termination, and unfair labor practices.

**B.     Discrimination Claims**

Besides invoking the term "discrimination," Mr. Durbin does not cite any evidence (or, for that matter, allege facts) in support of his civil rights claims under various state

ORDER – 5

and federal laws.[4]  Among other deficiencies, Mr. Durbin does not allege that he is a member of any protected group and he fails to provide any indication whatsoever of the circumstances giving rise to his claim.  His contention that Mr. O'Donnell delayed responding to his reinstatement request is insufficient to support a claim for discrimination.  The court therefore grants Defendants' motions for summary judgment on Mr. Durbin's claims of discrimination.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motions (Dkt. ## 8, 9) and directs the clerk to enter judgment in favor of Defendants.

Dated this 27th day of October, 2006.

JAMES L. ROBART
United States District Judge

---

[4] Mr. Durbin alleges discrimination under 42 U.S.C. §§ 1981, 2000h-4, and RCW §§ 49.36.020, 49.60.190.

ORDER – 6